IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Odessa Irene Brown, | C/A No. 0:17-438-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On April 6, 2018, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 19. On April 10, 2018, Plaintiff filed objections to the Report, and the Commissioner filed a reply on April 24, 2018. ECF Nos. 20, 21. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB in October 2013, alleging that she had been disabled since November 1, 2012, due to hip replacement, arthritis, a back injury, migraines, depression, and carpal tunnel syndrome.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 5, 2015.  The ALJ denied Plaintiff's claims in a

2

decision issued on December 3, 2015. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that the ALJ's credibility finding is supported by substantial evidence and finding that the ALJ's properly evaluated the combination of Plaintiff's impairments. For the reasons detailed below, we deny Plaintiff's objections and adopt the Report's recommendations.

**I. Credibility**

Plaintiff first objects to the Report's finding that the ALJ's credibility analysis is supported by substantial evidence. The ALJ found:

> Treatment notes simply fail to indicate the level of dysfunction alleged by the claimant. A review of the medical evidence of record fails to indicate physical findings consistent with the claimant's allegations. The record documents that the claimant's various medical problems have been adequately treated in order for her to maintain extensive activities of daily living. The claimant stated that her migraines have been present for many years, and although the record indicates that the claimant requires long term prophylactic medication and maintenance for migraine control, the record suggests that these treatments are successful in significantly decreasing her migraine severity. The claimant's continued hip and leg length discrepancy and complaints of chronic disabling pain are inconsistent with the claimant's failure to follow through with obtaining a shoe lift and with her decision to discontinue physical therapy after attending a small fraction of the recommended sessions.
>
> [T]he claimant's testimony and treatment notes indicate that the claimant has continued to work selling real estate and in catering, both jobs that require significant standing and walking. The record indicates that the claimant retired from her long time job as a hospital secretary, and that she did not stop working because of her impairments. In the claimant's initial disability report, she stated that her past relevant work included working for a catering company from January 2000 through September 2007 and that

> she worked as a nursing assistant from June 2007 through November 2012. I note that earning records indicate that the claimant reported no earnings for the years 2006, 2007, and 2008. This raises the possibility that the claimant is currently working and not reporting her income, a possibility bolstered by the claimant's report in treatment notes dated March 30, 2015 that she worked in real estate and catering. The claimant's past history of unreported earnings makes it difficult to ascertain the claimant's current work status, and damages the credibility of her allegations of disability.

R. 24–25 (internal citations omitted).

The Magistrate Judge concluded that Plaintiff "has failed to demonstrate that the ALJ's evaluation of [Plaintiff's] subjective complaints is unsupported by substantial evidence or controlled by a harmful error of law." ECF No. 19 at 13. The Magistrate Judge further noted that "[t]he ALJ's decision reflects careful consideration of the medical evidence and the limitations stemming from [Plaintiff's] impairments during the relevant time period and provides reasons for discounting [Plaintiff's] subjective complaints." *Id.* In her objections, Plaintiff argues that there is "plenty of sufficient objective evidence, both within and after the relevant period, to support the kinds of symptoms and limitations which Ms. Brown complained of . . . ." ECF No. 20 at 4. Additionally, Plaintiff contends, "in no fashion does the ALJ ever explain how the ability to drive for an average of two hours a week, and at times work up to six hours a week, relates to the ability to work full-time." *Id.* at 5. Finally, Plaintiff takes issue with the ALJ's reference to her failure to report any earnings for the years 2006, 2007, and 2008, despite Plaintiff reporting work as a caterer and then a nursing assistant during that time period. *Id.* at 5–6.

As an initial matter, Plaintiff's reference to a notation in the record that she enclosed her tax returns does not undercut the ALJ's reference to her earnings. Tax records and earnings for the years 2006, 2007, and 2008 do not appear in the record. Indeed, the very form that Plaintiff relies on asks for net earnings since 2005. R. 192.

4

Despite testifying that she worked in the years 2006, 2007, and 2008, Plaintiff reports no net earnings for those years. R. 174 (reporting Plaintiff's work as a catering assistant from January 2000 to September 2007); R. 193 (report of net earnings); R. 198 (noting Plaintiff's work as a CNA and Realtor during 2007 and 2008). Nonetheless, under the deferential standard of review the Court is required to apply, the Court agrees with the Magistrate Judge that the ALJ's thorough discussion of the medical evidence and Plaintiff's limitations during the relevant time period provides substantial evidence to support the ALJ's credibility findings. Accordingly, the Court denies Plaintiff's objection in this regard.

**II.   Combination of Impairments**

Plaintiff also objects to the Magistrate Judge's finding that "the ALJ sufficiently discussed [Plaintiff's] alleged impairments and limitations so as to demonstrate that she considered her impairments in combination." ECF No. 19 at 6. The Fourth Circuit has held, "[i]t is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective (sic) of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted).

The Report contains a detailed recitation of the ALJ's discussion of each of Plaintiff's impairments and the relevant medical evidence. *See* ECF No. 19 at 7–8. Plaintiff's objections primarily take issue with specific findings made by the ALJ and the

ALJ's interpretation of various individual pieces of medical evidence. After reviewing the medical evidence in this case, the Court agrees with the Magistrate Judge that there is substantial evidence to support the ALJ's longitudinal finding that Plaintiff's impairments, taken individually and in combination, do not give rise to a finding of disability. While there is certainly evidence that Plaintiff suffers from severe impairments, this Court is constrained to review the ALJ's finding under a deferential, substantial evidence standard of review and cannot substitute its own judgment for that of the ALJ. Accordingly, based on the record and arguments of the parties, the Court finds that the ALJ properly considered the cumulative effect of Plaintiff's impairments. *See, e.g.*, R. 19 ("In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence . . . ."). Accordingly, the Court denies Plaintiff's objection.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 20, 2018
Spartanburg, South Carolina